UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NIKO CARTER,

                            Plaintiff,

                                                              ANSWER

v.

                                               Civil Action No. 1:25-cv-00756

COUNTY OF ERIE
DEPUTY GERALD KEICHER,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
JOHN DOE DEPUTY SHERIFFS #1-10
JOHN DOE ASSISTANT DISTRICT ATTORNEYS #1-5
JANE DOE SUPERVISORY OFFICIALS #1-5

                                               Defendants.
_____

       Defendants, COUNTY OF ERIE and DEPUTY GERALD KEICHER, by their attorney, JEREMY C. TOTH, ESQ., Erie County Attorney Eric W. Marriott, Esq., Assistant Erie County Attorney, as and for their Answer to the Plaintiff's Complaint dated August 14, 2025, state as follows:

       1.      The answering Defendants admit the allegations contained in Paragraphs numbered 11 of the Plaintiff's Complaint.

       2.      The answering Defendants lack knowledge or information sufficient to admit or deny the allegations contained in Paragraphs numbered 5, 17, 25, 28, 33, 37, 42, 45, 53, 57, 62, 68, 74, 78, 82, 86, 92, 97, 102, 107, and 111 of the Plaintiff's Complaint.

       3.      The answering Defendants deny each and every allegation contained in Paragraphs numbered 1, 2, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 26, 27, 29, 30, 31, 32, 34, 35, 36, 38, 39, 40, 41, 43, 44, 46, 47, 48, 49, 50, 51, 52, 54, 55, 56, 58, 59, 60, 61, 63, 64, 65, 66, 67, 69, 70, 71, 72, 73, 75, 76, 77, 79, 80, 81, 83, 84, 85, 87, 88, 89, 90, 91, 93, 94, 95, 96,

98, 99, 100, 101, 103, 104, 105, 106, 108, 109, 110, 112, 113, 114, and 115 of the Plaintiff's Complaint.

4. The answering Defendants deny each and every allegation of the Plaintiff's Complaint not otherwise addressed herein.

### AS AND FOR A FIRST DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

5. The Verified Complaint fails to state a cause of action upon which relief can be granted as against the answering Defendants.

### AS AND FOR A SECOND DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

6. Each of the causes of action are time barred in whole or in part by the applicable statute of limitations and/or filing deadlines.

### AS AND FOR A THIRD DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

7. Each of the causes of action are barred in whole or in part by the doctrine of laches, waiver, estoppel, and/or res judicata.

### AS AND FOR A FOURTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

8. Upon information and belief, any injuries or damages sustained by the Plaintiff as alleged in the Complaint were caused or contributed to by the negligence, carelessness or other culpable conduct of the Plaintiff.

### AS AND FOR A FIFTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

9. Upon information and belief, if these answering Defendants are found to liable to the Plaintiff for damages, its liability will be 50% or less of the total liability assigned to all persons liable.

10. By reason of the foregoing, any recover by the plaintiff for non-economic loss against the answering Defendants shall be limited to said Defendants' equitable share of liability in accordance with the provisions of Article 16 of the Civil Practice Law and Rules.

### AS AND FOR A SIXTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

11. At all times alleged in the Verified Complaint, custody of the Erie County Holding Center was statutorily delegated, solely and exclusively, to the independently-elected Erie County Sheriff.

### AS AND FOR A SEVENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

12. Plaintiff has wholly failed to comply with the mandatory notice of claim requirements of New York State law as are applicable to any possible pendent State claims asserted in Plaintiff's Complaint. Therefore, any pendent State claims asserted in Plaintiff's Complaint must be dismissed.

### AS AND FOR AN EIGHTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

13. The actions of the defendant involved discretionary decisions which are protected by quasi judicial immunity.

### AS AND FOR A NINTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

14. This action was not commenced within one (1) year and ninety (90) days after the happening of the events upon which the claim is based as required by Section 50-i of the General Municipal Law and is, therefore, barred by Statute of Limitations.

## AS AND FOR A TENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

15. Upon information and belief, Plaintiff has failed to mitigate the damages allegedly sustained as a result of the incident alleged in the complaint.

## AS AND FOR AN ELEVENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

16. The County of Erie is not vicariously liable for the acts of its Sheriff or deputies.

## AS AND FOR A TWELFTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

17. The incident(s) and/or injuries and damages of which Plaintiff complains or for which Plaintiff seeks recovery were caused and/or contributed to by person(s) and/or entity(ies) over which these answering Defendants neither had nor exercised right of control, without any negligence or other culpable conduct of these answering Defendants contributing thereto.

## AS AND FOR A THIRTEENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

18. Should it be held that Article 14 of the New York CPLR could apply to any claim being made by the plaintiff herein; defendant requests that the relative culpability of each person who is or may be liable to contribute to any liability for the damages alleged by the plaintiff in this actions should be determined in accordance with the decisional and statutory law of the State of New York, in such cases made and provided; and the equitable share of each person liable to contribution should be determined and apportioned in accordance with the relative culpability of each such person, if any, pursuant to Article of 14 of the New York CPLR.

## AS AND FOR A FOURTEENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

19. Pursuant to Section 15-108 of the New York General Obligations Laws, plaintiff's recovery, if any, from this answering defendant must be reduced by the greatest of (1) any amounts

actually paid by any person or entity for any of the injuries, costs, damages and expenses alleged in the Complaint; or (2) any amounts stipulated or otherwise agreed to in any release of or covenant not to sue any person or entity for any injuries, costs, damages or expenses alleged in the Complaint; (3) the equitable share of the liability of any person or entity that has received, or hereafter receives, any release from liability or covenant not to sue with respect to any injuries, costs, damages and expenses alleged in Complaint.

### AS AND FOR A FIFTEENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

20. The answering Defendants are immune from the instant suit and immune from any liability to plaintiff for damages, since the said Defendants acted towards Plaintiff in good faith and with an objectively reasonable belief that their actions were lawful and not in violation of any plaintiff's clearly established constitutional rights. Consequently, Plaintiff's claims must be dismissed.

### AS AND FOR A SIXTEENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

21. The conditions alleged were not so pervasive as to constitute a "hostile work environment." Consequently, Plaintiff's hostile work environment claims should be dismissed.

### AS AND FOR A SEVENTEENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

22. Upon information and belief, Plaintiff was aware of a procedure by which he could file internal complaints of discrimination with his employer. Plaintiff failed to utilize the complaint procedure and accordingly his claims are barred.

### AS AND FOR AN EIGHTEENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

23. The answering Defendants are immune from liability for the damages alleged in the Complaint, whether such immunity arises pursuant to the "public duty rule" or otherwise.

### AS AND FOR AN NINETEENTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

24. The Defendants conducted a thorough and impartial investigation into Plaintiff's complaints and took appropriate action.

### AS AND FOR A TWENTIETH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

25. Plaintiff does not have contractual relationship with the answering Defendants within the meaning of 42 U.S.C. §1981.

### AS AND FOR A TWENTY-FIRST DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

26. The Plaintiff may not recover against the answering Defendants under a theory of Respondeat Superior, and therefore Plaintiff's claims must be dismissed.

### AS AND FOR A TWENTY-SECOND DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

27. Under law, punitive damages are not recoverable from, or against, these answering Defendants.

### AS AND FOR A TWENTY-THIRD DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

28. Plaintiff's Seventeenth Cause of Action is for defamation and as such is subject to New York State Law with respect to pleading requirements. Plaintiff's Seventeenth Cause of Action in his Complaint fails to state a cause of action upon which relief can be granted and is inherently invalid and void as a matter of law for failure to plead and state the words and statements

complained of with requisite particularity in violation of New York Civil Practice Law and Rules (hereinafter "CPLR") §3016(a) and as otherwise required by law.

**<u>AS AND FOR A TWENTY-FOURTH DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE:</u>**

29. Any statements attributable to the answering Defendants as alleged in the Seventeenth Cause of Action in Plaintiff's Complaint were concerning and commenting upon matters of public interest and concern. The statements attributed to the answering Defendants as alleged of in the Seventeenth cause of action in Plaintiff's First Amended Complaint were made without actual or legal malice, and were and are within the protection of rights and privileges of the First Amendment of the United States Constitution and Article I, §8 of the New York Constitution.

**<u>AS AND FOR A TWENTY-FIFTH DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE:</u>**

30. The allegations in the Seventeenth Cause of Action of Plaintiff's Complaint fail to state a cause of action in that the Plaintiff has failed to allege any special damages.

**<u>AS AND FOR A TWENTY-SIXTH DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE:</u>**

31. The allegations in the Seventeenth Cause of Action of Plaintiff's Complaint alleged are expressions of pure opinion and therefore are not actionable.

**<u>AS AND FOR A TWENTY-SEVENTH DEFENSE, THE
ANSWERING DEFENDANTS ALLEGE:</u>**

32. Any alleged defamatory statements were contained in internal report(s) and discussed as part of an internal investigation pursuant to a duty to report, and as such are protected by a qualified privilege and not actionable. Therefore, Plaintiff's Seventeenth Cause of Action must be dismissed.

### AS AND FOR A TWENTY-EIGHTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

33. Upon information and belief, the statements Plaintiff alleges are defamatory are true or nondefamatory, and therefore not actionable.

### AS AND FOR A TWENTY-NINTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

34. No employer-employee relationship existed between the answering Defendants and the Plaintiff at any time.

### AS AND FOR A THIRTIETH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

35. The answering Defendants do not set the policies or procedures of which the Plaintiff complains.

### AS AND FOR A THIRTY-FIRST DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

36. The answering Defendants had no individual involvement in the actions and/or omissions alleged by Plaintiff.

### AS AND FOR A THIRTY-SECOND DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

37. The answering Defendants had no individual involvement in the actions and/or omissions alleged by Plaintiff.

### AS AND FOR A THIRTY-THIRD DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

38. The answering Defendants had no personal subjective knowledge of a workplace permeated with discriminatory intimidation, ridicule, and insult.

### AS AND FOR A THIRTY-FOURTH DEFENSE, THE ANSWERING DEFENDANTS ALLEGE:

39. The answering Defendants had no personal subjective knowledge of a primary violation of the New York State Human Rights Law by any other party.

### JURY DEMAND:

40. The answering Defendants demand a trial by jury of this action.

**WHEREFORE**, Defendants, COUNTY OF ERIE and DEPUTY GERALD KEICHER, demand judgment dismissing the Complaint as against them, together with the costs and disbursements of this action. In the alternative event that these answering Defendants are found liable, in any degree, to the Plaintiff, said answering Defendants demand judgment as follows:

(1) Pursuant to CPLR Article 14-A: Reducing the damages alleged in the Complaint in the proportion as the Plaintiff's own culpable conduct bears to all of the culpable conduct that caused or contributed to the said damages;

(2) Reducing the damages alleged in the Complaint in the degree to which the Plaintiff's failure to mitigate damages, if any, caused, contributed to, or increased the total damages;

(3) Pursuant to CPLR §4545(a): Reducing any award of damages for items of economic loss in the same amount as such items of economic loss have been or will with reasonable certainty be paid, reimbursed, indemnified, or replaced, in whole or in part, by collateral source(s);

(4) Should the said Article be deemed to apply: Pursuant to CPLR Article 14, an apportionment of liability among those persons and entities, including but not limited to the Plaintiff's, whose culpable conduct is determined to have caused and/or contributed to the incident(s), injuries, and/or damages alleged in the Complaint;

(5) Pursuant to CPLR Article 16: In the event that these answering Defendants' equitable share of all of the culpable conduct found to have caused and/or contributed to the

incident(s), injuries, wrongful death, and/or damages alleged in the Complaint is determined to be fifty percent (50%) or less of all of the culpable conduct found to have caused and/or contributed to the incident(s), injuries, wrongful death, and/or damages alleged in the Complaint, judgment limiting these answering Defendants' liability for non-economic damages alleged in the Complaint to these answering Defendants' equitable share of all of the culpable conduct found to have caused and/or contributed to the incident(s), injuries, wrongful death, and/or damages alleged in the Complaint;

(6) Such other, further and different relief, not inconsistent with the premises hereof, as may be just, equitable and proper.

Dated:   Buffalo, New York
         November 18, 2025

**Yours, etc.**,

JEREMY C. TOTH, ESQ.
Erie County Attorney

By: */s/ Eric Marriott*
Eric W. Marriott, Esq.
Ass't. Erie Co. Att'y
Office & P. O. Address:
Erie County Department of Law
95 Franklin Street, Room 1634
Buffalo, New York 14202
Tel: (716)858-2208
Email: eric.marriott@erie.gov

To: Christopher D. Monna, Esq.
Attorney for Plaintiff
45 Exchange Blvd., Suite 400
Rochester, NY 14614
585-698-6951
chris@monnalaw.com

David S. Stern, Esq.
Attorney for Plaintiff
45 Exchange Blvd., Suite 400
Rochester, NY 14614
585-232-4724
dstern@elliottstern.com

## CERTIFICATE OF SERVICE

The undersigned, Eric W. Marriott, certifies that on the 18th day of November, 2025, he filed the foregoing using the Court's electronic filing system which caused the foregoing to be served upon the attorneys for Plaintiff, David S. Stern, Esq., and Christopher D. Monna, Esq., participants in the Court's ECF/PACER electronic filing system.

Dated:  Buffalo, New York
         November 18, 2025

>Yours, etc.,
>**JEREMY C. TOTH, ESQ.**
>Erie County Attorney and Attorney for Defendants, COUNTY OF ERIE and DEPUTY GERALD KEICHER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY
>/s/  Eric W. Marriott
>By:  Eric W. Marriott, Esq.
>95 Franklin Street, Room 1634
>Buffalo, New York 14202
>Tel:  (716) 858-2208
>Email:  Eric.Marriott@erie.gov